IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BG PRODUCTS, INC.,

    Plaintiff,

v.                                                  Case No. 6:15-CV-1209-JTM-GLR

STINGER CHEMICAL, LLC,

    Defendant.


**MEMORANDUM AND ORDER**

    Before the court is plaintiff BG Products, Inc.'s Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 20. For the reasons stated below, plaintiff's motion is denied.

**I.    Background**

    On March 9, 2015, plaintiff filed suit against defendant Stinger Chemical, LLC, in the District Court of Sedgwick County, Kansas, case number 12 CV 1716, for trademark infringement, unfair competition, RICO violations, and tortious interference with contract. Dkt. 5-1, at 2-11. Prior to serving defendant with a copy of the lawsuit and summons, plaintiff filed an Amended Petition on June 3, 2015, adding a claim for tortious interference with existing and prospective business relationships. Dkt. 5-1, at 14-23. On July 7, 2015, defendant filed a Notice of Removal and Amended Notice of Removal, removing this lawsuit to the United States District Court for the District of Kansas on the basis of both federal question jurisdiction and diversity of citizenship between the parties. (Dkt. 5). On July 14, 2015, defendant filed a Motion to Dismiss

plaintiff's claims for lack of personal jurisdiction or, in the alternative, a Motion for Transfer of Venue to the Southern District of Texas (Houston Division) pursuant to 28 U.S.C. § 1404(a). Dkt. 11.  On August 25, 2015, the court ruled in defendant's favor, granting its Motion to Dismiss for lack of personal jurisdiction.  Dkt. 18.

That same day, plaintiff timely filed this Rule 59(e) motion, requesting that the court vacate its Order and Judgment, and, upon reconsideration, strike defendant's Reply Brief (Dkt. 17), and/or permit plaintiff to file a surreply that responds to defendant's allegedly new factual allegations.  Dkt. 20.

## II.     Analysis

Plaintiff first asks the court to reconsider its Memorandum and Order dismissing plaintiff's Complaint for lack of personal jurisdiction.

A court may reconsider a judgment by altering or amending it upon motion of a party within twenty-eight days after the entry of the judgment.  FED. R. CIV. P. 59(e).  "The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Peetro-Mach. Group Co. LTD.*, 701 F.3d 598, 611 (10th Cir. 2012) (brackets and internal quotation and citation omitted).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*; *accord United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).  However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539; *see also Kipling v. State Farm*

2

*Mut. Auto. Ins. Co.*, 774 F.3d 1306, 1309 (10th Cir. 2014) (denying as untimely an argument raised in a Rule 59(e) motion that Colorado law permitted a certain insurance policy provision where defendant previously argued only Minnesota law on the issue).

Here, plaintiff does not allege a change in law or the availability of new material evidence. In truth, it is not *at all* clear from its motion upon what grounds plaintiff seeks reconsideration. The motion fails to include, let alone discuss in any detail, the standard to which this court is bound for a motion to dismiss. At best, plaintiff's motion could be interpreted as a "misapplication of the law" argument in that plaintiff argues that the court cannot rely upon allegedly factual allegations and legal argument that were presented for the first time in a reply brief.

Plaintiff asserts that "[i]t was improper for Stinger to present new factual allegations and new legal arguments in its Reply in support of its motion to dismiss." Dkt. 21, at 3. More specifically, plaintiff argues that the court should have stricken defendant's reply brief because it contained

> an entirely new set of facts, quote[d] and denie[d] portions of BG Products's Amended Petition, denie[d] that Stinger was 'knowledgeable regarding the terms of any agreements between BG and John Tsou,' and identifie[d] for the first time two witnesses who it believes support its motion for a transfer to the Southern District of Texas.

Dkt. 21, at 2. Plaintiff also argues that the reply brief raised entirely new arguments that defendant should have anticipated. Dkt. 21, at 21. Instead of striking the reply brief, plaintiff argues, the court erroneously relied upon it to establish that defendant lacked knowledge of the Kansas contract between plaintiff and Tsou, and subsequently deprived plaintiff of the opportunity to respond. Dkt. 21, at 3-4.

3

Although plaintiff's assertion that a court must strike a reply brief, either in whole or part, that raises, for the first time, new facts and/or issues may be true, it is an incorrect characterization of the facts at hand.

It is well established that a plaintiff has the burden of establishing personal jurisdiction over a defendant. *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

> In the absence of an evidentiary hearing, plaintiff must make only a prima facie showing of jurisdiction to defeat a motion to dismiss.  The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.  Allegations in a complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted by submitted affidavits. *When a defendant has produced evidence to support a challenge to personal jurisdiction, a plaintiff has a duty to come forward with competent proof in support of the jurisdictional allegations of the complaint*.  The court resolves all factual disputes in favor of the plaintiff.  Conflicting affidavits are also resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.  In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating that the presence of some other considerations would render jurisdiction unreasonable.

*Auxier v. BSP Warehouse & Distrib.*, 2011 U.S. Dist. LEXIS 99600, at *1-3 (D. Kan. Sept. 6, 2011) (internal citations and quotations omitted) (emphasis added).

In its Motion to Dismiss, defendant very clearly laid out the analysis applicable to establishing personal jurisdiction and how, exactly, plaintiff failed to meet that burden.  Dkt. 12. In support of its argument, defendant submitted the affidavit of Warren D. Davis, President and Manager of Stinger Chemical, confirming the claims made in defendant's motion.  Dkt. 12-1.  In response, plaintiff merely alleged that

> Stinger knew about Tsou's Distributor Agreements – including Tsou's obligations to not utilize BG Products's trademarks on counterfeit products – at all times relevant to this lawsuit.  Despite this knowledge, Stinger persuaded Tsou to

4

>   breach his Agreement with BG Products and manufactured the counterfeit product
>   that caused Tsou's breach.

Dkt. 16, at 5.  Plaintiff failed to offer any "competent proof" in support of the jurisdictional allegations of its Complaint.  *Auxier*, 2011 U.S. Dist. LEXIS 99600, at *2.  Rather, plaintiff instead chose to spend upwards of five pages merely arguing how out-of-forum conduct that interferes with a forum-state contract subjects the interfering defendant to personal jurisdiction within the forum.  Dkt. 16, at 5-11.  It was in reply to *this* argument that defendant based its Reply brief and supporting evidence.

"While it is true that [the court] generally [does] not 'review issues raised for the first time in a reply brief, we make an exception when the new issue argued in the reply brief is offered in response to an argument raised in the plaintiff's brief.'"  *Banker v. Gold Res. Corp. (In re Gold Res. Corp. Sec. Litig.)*, 776 F.3d 1103, 1119 (10th Cir. 2015) (quoting *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003) (internal brackets omitted)).  However, the Tenth Circuit has held that "if the court relies on new material or new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials."  *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (quoting *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998)).  Rather, the court must either choose not to rely on the new arguments in determining the outcome of the motion or permit the nonmoving party to file a surreply.  *Id.*

Plaintiff consistently relies on its idea that "[n]othing about BG Products's response brief could have been surprising or unanticipated."  Dkt. 21, at 2.  In support of this notion, plaintiff points to an email exchange between counsel for both parties in which defendant notified plaintiff that it was thinking of filing a motion to dismiss based on lack of personal jurisdiction and requesting that plaintiff share the bases it relied upon in bringing the lawsuit.  In response to

5

this request, plaintiff replied, "[a]mong other things, Stinger does business in Kansas and interfered with a Kansas contract."  Dkt. 16-1, at 1.

This one-sentence explanation in an email is actually the most detailed explanation defendant received regarding plaintiff's thoughts on personal jurisdiction.  As this court noted in its previous order, plaintiff alleges, merely by reference to K.S.A. §§ 60-308(b)(1) and (2), that is has sufficient minimum contacts to Kansas.  Dkt. 18, at 8-9.  It was not until plaintiff's response to defendant's Motion to Dismiss that it fleshed out more thoroughly its argument in favor of jurisdiction.  Dkt. 16.

Despite what plaintiff would have this court believe, based on the record, it seems unlikely that defendant could have anticipated the full extent of plaintiff's argument with regard to tortious interference as the sole basis for extending personal jurisdiction over defendant prior to plaintiff filing its Response brief.  Defendant did not present "an entirely new set of facts" or legal theories for the first time in its Reply; rather, it simply *responded* to what plaintiff set forth in its Response.

To be clear, plaintiff's Response was eighteen pages in length.  Dkt. 16.  After restating the allegedly uncontroverted facts, plaintiff, beginning on page three, and under the heading "Stinger Interfered with a Kansas Contract," proceeded to lay out in *great* detail, for the next eight pages, case law purportedly demonstrating why jurisdiction was appropriate.  Dkt. 16, at 3-11.[1]  Accordingly, in its Reply, defendant distinguished each and every one of these cases from the matter at hand.  Dkt. 17.  Therefore, it is clear that the argument raised by defendant in its Reply brief was not a new argument; rather, it was a direct response to arguments plaintiff made

---

[1] The remainder of plaintiff's Response deals with why the court can exercise personal jurisdiction over the remaining claims using pendent personal jurisdiction and why a transfer of venue is inappropriate.  Dkt. 16, at 11-18.

in its Response with regard to the exercise of personal jurisdiction in cases of tortious interference.

The court recognizes that plaintiff now sets forth, in some detail, its *exact* argument as to how defendant interfered with the contract between plaintiff and Tsou and *why* that gives this court jurisdiction. Dkt. 23, at 1-2. The question becomes, then, *why* has plaintiff failed to set forth this argument with such specificity until now, especially after reading defendant's Reply? Plaintiff seems to be under the impression that it was somehow entitled to file a sur-reply based on its own determination that defendant's Reply brief set forth new facts and/or arguments. But, this simply is not the case. Plaintiff argues that "[t]he seven-day period between Stinger's reply and the Court's order was not a sufficient amount of time for BG Products to respond to the reply's new materials." Dkt. 23, at 7. However, if it truly was plaintiff's intention to seek a sur-reply, it would have first been required to seek *leave* to do so, something accomplished via a minimal brief.[2] No such request was made. Plaintiff's Motion for Reconsideration, and most especially its Reply to defendant's Opposition thereto, appear to be nothing more than a sur-reply by another name.[3]

After reviewing plaintiff's Motion for Reconsideration, the record in this case, and the court's previous order, the court concludes that plaintiff has not identified an intervening change

---

[2] The court notes that plaintiff was apparently able to draft and file its present motion within *two hours* of the court's ruling on the Motion to Dismiss.

[3] The court acknowledges plaintiff's discussion regarding proposed jurisdictional discovery should the court grant its motion. It alleges "[j]urisdictional discovery is particularly appropriate where information that would establish personal jurisdiction is in the peculiar possession of the defendant." Dkt. 23, at 3 (internal citation omitted). More specifically, plaintiff claims that it "lacks access to materials that would directly prove Stinger's knowledge of the Agreement between BG Products and John Tsou; the extent of Stinger's 'knowledge' is in the exclusive possession of Stinger." Dkt. 23, at 3. However, mere paragraphs later, plaintiff recognizes that evidence presented in a motion for reconsideration must qualify as "newly discovered" and concedes that it "has not discovered any 'new evidence' since the time of the Court's ruling on Stinger's motion to dismiss – its relevant evidence *has been in its possession for years.*" Dkt. 23, at 5 (emphasis added). Therefore, plaintiff's need for discovery to establish its basis for jurisdiction seems unnecessary. This is further supported by the fact that plaintiff *attaches* some of this evidence in the form of invoices to its Reply (Dkt. 22).

in controlling law, newly discovered evidence, or the need to correct a clear error in judgment that justifies relief under Rule 59(e). Consequently, there is no need for the court to alter or amend its Order.

Because the court declines to vacate its Memorandum and Order, there is no need to consider either plaintiff's Motion to Strike Defendant's Reply Brief or Motion for Leave to File a Surreply.

**IT IS THEREFORE ORDERED** this 24th day of September, 2015, that plaintiff's Motion for Reconsideration (Dkt. 20) is hereby **DENIED**.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE